UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GERALD M. RISCOE, )<br>et al., )<br>      Plaintiffs, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA FOOD )<br>AND DRUG ADMINISTRATION, )<br>)<br>      Defendant. ) | Case No. 16-cv-2653-CM-TJJ |

## **ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff has filed his Civil Complaint against Defendant United States Food and Drug Administration ("FDA") involving Defendant FDA's approval of the drug diethylstilbestrol. This matter is before the Court on Plaintiff's Motion for Appointment of Counsel (ECF No. 4). Plaintiff requests that the Court appoint counsel to represent him in this case. For the reasons set forth below, Plaintiff's motion for the appointment of counsel is denied.

While a defendant in a *criminal* action has a constitutional right to be represented by an attorney, it is well settled that a party in a *civil* action has no similar constitutional right to appointment of counsel.[1] For some types of civil cases, however, Congress has provided statutory authority for the appointment of counsel. For example, in employment discrimination actions brought under Title VII of the Civil Rights Act of 1964, the court may appoint counsel for a plaintiff "in such circumstances as the court may deem just."[2] Another source of statutory

---

[1] *Rand v. Wolf Creek Nuclear Operating Corp.,* No. 11-4136-KHV, 2012 WL 1154509, at *2 (D. Kan. Apr. 5, 2012) ("In general, there is no constitutional right to appointment of counsel in a civil case."); *Lee v. Crouse*, 284 F. Supp. 541, 543–44 (D. Kan. 1967) ("There is no absolute right to appointment of counsel in either habeas corpus or civil rights actions.").

[2] 42 U.S.C. § 2000e–5(f)(1).

authority is 28 U.S.C. § 1915(e)(1), the *in forma pauperis* statute, which provides that "[t]he court may *request* an attorney to represent any person unable to afford counsel." This provision, however, is limited to persons who are proceeding *in forma pauperis*.[3]

In this case, there is no applicable statute authorizing the Court to appoint or request an attorney to represent Plaintiff. This is not an employment discrimination case so the appointment of counsel provision in 42 U.S.C. § 2000e–5(f)(1) is not applicable. In addition, the provision allowing the court to request an attorney to represent an indigent party contained in the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(1), is not applicable because Plaintiff does not proceed *in forma pauperis* in this action and has not shown that he is unable to afford counsel. In the absence of any constitutional[4] or statutory authority upon which the Court can appoint or request an attorney to represent Plaintiff in this civil action, the Court must deny Plaintiff's motion.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion for Appointment of Counsel (ECF No. 4) is denied.

Dated this 22nd day of December, 2016, in Kansas City, Kansas.

_____
Teresa J. James
U. S. Magistrate Judge

---

[3] *Rand*, 2012 WL 1154509, at *2.

[4] *See Nelson v. Boeing Co.*, 446 F.3d 1118, 1120–22 (10th Cir. 2006) (noting "the only context in which courts have recognized a constitutional right to effective assistance of counsel in civil litigation is in immigration cases" and declining to recognize a constitutional right to counsel in a Title VII context); *Sandle v. Principi*, 201 F. App'x 579, 582 (10th Cir. 2006) ("There is no constitutional right to counsel in either a Title VII case or other civil case."); *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992) (holding that there is no constitutional right to counsel in Title VII case); *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989) ("There is no constitutional right to appointed counsel in a civil case.").