UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GERALD M. RISCOE, et al., <br><br>        Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA FOOD AND DRUG ADMINISTRATION, <br><br>        Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) Case No. 16-cv-2653-CM-TJJ |

### ORDER GRANTING MOTION TO STAY DISCOVERY

Defendant has filed a Motion to Stay Discovery (ECF No. 28). It requests that the Court enter an order staying all discovery, including the parties' obligations to participate in a planning meeting, prepare a planning meeting report, and exchange initial disclosures, until the Court rules on Defendant's Motion to Dismiss (ECF No. 24), filed on January 23, 2017. In support of its motion, Defendant claims that it has moved to dismiss on grounds the Court lacks subject matter jurisdiction over Plaintiffs' claims, and that even if jurisdiction existed, Plaintiffs' claims are barred by a two-year statute of limitations. Plaintiffs, proceeding *pro se*, have not filed a response in opposition to the Motion to Stay Discovery within the fourteen-day time period provided by D. Kan. Rule 6.1(d)(1).

Although the general policy of this district is to proceed with discovery despite pending dispositive motions, there are recognized exceptions to this general rule.[1] Most notable is the well-established exception when the party requesting stay has asserted absolute or qualified

---

[1] *Tennant v. Miller*, No. 13-2143-EFM, 2013 WL 4848836, at *1 (D. Kan. Sept. 11, 2013).

immunity in its dispositive motion.[2]  Other instances where it is appropriate to stay discovery pending a ruling on a dispositive motion are when:

> (1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; or (3) discovery on all issues posed by the complaint would be wasteful and burdensome.[3]

In this case, Defendant has shown that a stay of pretrial proceedings and discovery is appropriate until after the District Judge rules on the pending motion to dismiss.  First, the Court finds there is sufficient likelihood the case will be concluded as a result of a ruling on the motion to dismiss to justify staying the case during the interim.  Defendant's motion to dismiss raises the potentially case-dispositive issues of lack of subject matter jurisdiction and statute of limitations.  Second, there is no suggestion that discovery is needed to rebut the facts asserted as the bases for the pending motion to dismiss.  Plaintiffs make no such argument; they have not responded to the motion for stay. Finally, allowing discovery to proceed on all issues posed by Plaintiffs' 62-page complaint and voluminous exhibits would likely be wasteful and burdensome.  Defendant has thus persuaded the Court that a temporary stay of discovery and pretrial proceedings is appropriate while the motion to dismiss is pending.  Accordingly,

**IT IS THEREFORE ORDERED THAT** Defendant's Motion to Stay Discovery (ECF No. 28) is GRANTED.  All pending Rule 26 obligations of the parties, pretrial proceedings, and discovery are hereby stayed until the District Judge rules on the pending Motion to Dismiss (ECF No. 24).

**IT IS FURTHER ORDERED** that a copy of this Order shall be mailed to Plaintiffs.

---

[2] *Id.*

[3] *Fattaey v. Kansas State Univ.*, No. 15-9314-JAR-KGG, 2016 WL 3743104, at *1–2 (D. Kan. July 13, 2016).

IT IS SO ORDERED.

Dated this 24th day of February, 2017, at Kansas City, Kansas.

*Teresa J. James*
Teresa J. James
U. S. Magistrate Judge